*June 1820.*

*Hudson vs Goodwin*

COURT OF APPEALS, JUNE TERM, 1820.

HUDSON vs. GOODWIN.

APPEAL from *Harford* county court. It was an action of *assumpsit* brought by the appellee, as indorsee of a promissory note, against the appellant, as maker. The declaration contained two counts, one upon the note, stating it to have been made by the appellant on the 18th of March 1813, and that he thereby, 90 days after date, promised to pay *John E. Dorsey*, or order, $760, for value received; that *Dorsey* endorsed it to *William M'Mechen*, who endorsed it to the appellee. The other count was for money had and received. The general issue was pleaded; and at the trial the plaintiff offered in evidence the following promissory note, to wit:

*If the indorsor of a promissory note has a middle name, his indorsement is good tho' such name is not set out at length. A blank indorsement must be filled up before verdict, or the judgment on it will be bad.*

"*Baltimore*, March 18, 1813.
"$760.
Ninety days after date I promise to pay Mr. *Jno. E. Dorsey*, or order, seven hundred and sixty dollars, for value received. (Signed,) *Jno. Hudson.*"
And *thus endorsed*, "*Jno. E. Dorsey*,
*W. M'Mechen*,
*Caleb D. Goodwin.*"

And gave evidence of the hand writing of *Hudson*, the drawer, and *Dorsey* and *M'Mechen*, the endorsors; and that *John Edward Dorsey*, one of the endorsors of the note, usually signs his name *John E. Dorsey*, and is usually so called; and that the said endorsement is according to the usage and custom of merchants in such cases used and approved of. The defendant objected, that the plaintiff had not set out the full and true name of *John Edward Dorsey* as an endorsor, and prayed the opinion of the court, and their direction to the jury, that the plaintiff was not en-

JUNE 1820. titled to recover in this action. The court, [*Hanson* and *Ward*, A. J.] refused the prayer. The defendant excepted, and the verdict and judgment being against him, he prosecuted this appeal.

Hudson
vs
Goodwin

The case was argued in this court before BUCHANAN, EARLE and JOHNSON, J. by

*R. Johnson,* for the appellant, and

*Scott, Winder* and *Pinkney,* for the appellee.

The counsel for the appellant relied on the case of *Ringgold vs. Tyson,* decided in this court at December term, 1810. *Chitty on Bills,* 148. *Theed vs. Lovell,* 2 *Stra.* 1103. *Lambert vs. Oakes,* 1 *Ld. Raym.* 443. *More vs. Manning.* 1 *Com. Rep.* 3111; and *Edie vs. The East India Company,* 2 *Burr.* 1227.

The appellee's counsel referred to *Chitty on Bills* 147, 8. *Wilkinson vs. Nicklin,* 2 *Dall.* 398. *Peacock vs. Rhodes,* 2 *Doug.* 636. *Newson vs. Thornton,* 6 *East,* 21 *(note)* and *Dugan vs. The United States,* 3 *Wheat.* 182.

The opinion of the court was delivered by

BUCHANAN, J. There is nothing in the objection, that the name of *John Edward Dorsey* is not sufficiently set out. But the endorsement on the note, on which the suit was brought, appears to be in blank; and though the plaintiff might have filled it up at any time before verdict, yet not having done so, he is not entitled to recover. There is no distinction between this and the case of *Ringgold vs. Tyson,* decided by this court at December term, 1810, and we see nothing to shake the authority of that case.

JUDGMENT REVERSED.